IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| REBECCA JOYCE HARRELL, | |
| Plaintiff, | CIVIL ACTION NO.: 5:24-cv-74 |
| v. | |
| BACON COUNTY, GEORGIA, et al., | |
| Defendants. | |

**O R D E R**

Defendants filed a Motion to Stay.  Doc. 16.  Plaintiff filed a Response, opposing Defendants' Motion.  Doc. 17.  For the following reasons, the Court **GRANTS** Defendants' Motion to Stay.  This stay will be automatically lifted upon the issuance of a Court order ruling on Defendants' motion to dismiss, if any claims remain pending.  The Court **DIRECTS** the parties to confer within 14 days of a ruling on Defendants' motion to dismiss and then submit their Rule 26(f) report 7 days after their conference, if the case remains pending.

Plaintiff originally filed her Complaint in Bacon County Superior Court.  Defendants removed this case to federal court on October 2, 2024.  Doc. 1.  Plaintiff filed an Amended Complaint on November 19, 2024.  Doc. 12.  In the Amended Complaint, Plaintiff alleges Defendants arrested and assaulted Plaintiff while she attempted to record an interaction with police officers.  Plaintiff alleges she was assaulted while she was incarcerated.  Plaintiff brings claims of excessive force, elder abuse, First Amendment retaliation, defamation, Fourth Amendment violations, and cruel and unusual punishment.  Defendants filed a motion to dismiss, arguing Plaintiff's Amended Complaint is an impermissible shotgun pleading and any

cognizable counts fail to state a claim.  Doc. 13.  Defendants filed this Motion to Stay, requesting the Court to stay discovery pending resolution of their motion to dismiss.  Doc. 16.

Overall, the Court has broad discretion when deciding whether to issue a stay of discovery.  Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017).  Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties.  Carapella v. State Farm Fla. Ins., No. 8:18-CV-2396, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997).  For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss.  See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]." (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005))).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also

determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367. In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Defendants have met their burden in showing a stay is appropriate. A "preliminary peek" at Defendants' Motion to dismiss reveals that the motion has merit. Defendants argue Plaintiff's Amended Complaint is an impermissible shotgun pleading and is not supported by well pleaded factual allegations. Doc. 13 at 4–7. Defendants contend Plaintiff asserts multiple claims against multiple Defendants within single counts. Id. at 7–9. Defendants also argue Plaintiff has failed to state a claim. Defendants contend probable cause supported Plaintiff's arrest and any use of force was de minimis and reasonable. Id. at 12–15. Lastly, Defendants contend they are entitled to qualified immunity. Id. at 15–16. If granted in its entirety, Defendants' motion to dismiss would dispose of all claims in this action.

Even if dismissal is only granted as to some of Plaintiff's claims, it will significantly reduce the scope of this litigation. This fact weighs in favor of granting the stay, given the number of Defendants and claims. Indeed, courts in this circuit routinely grant motions to stay discovery where the "resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." Jackson v. Fed. Home Loan Mortg. Corp., No. CV413-124, 2014 WL 12659868, at *1 (S.D. Ga. Apr. 29, 2014) (quoting White v. Georgia, No. 1:07-cv-01739, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007)); Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005) (explaining "any legally

unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." (quoting Chudasama, 123 F.3d at 1368)). Thus, the fact resolution of the motion to dismiss may dispose of the case entirely, or at least reduce the scope of discovery significantly, counsels in favor of granting a stay.

Further, Defendants assert a colorable immunity defense, which also weighs in favor of granting the stay. Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery."); Gibbons v. McBride, No. CV 114-056, 2014 WL 5460593, at *2 (S.D. Ga. Oct. 27, 2014) ("In the interest of efficient discovery, and in the interest of protecting sovereign entities from the burdens of discovery which may be unnecessary, the Court agrees that a stay is appropriate." (citing Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004))). This fact also counsels in favor of granting Defendants' Motion.

Plaintiff argues a stay is inappropriate because a pending motion to dismiss, by itself, is insufficient grounds for granting a motion to stay. Doc. 17. Plaintiff argues discovery will show Plaintiff is entitled to relief based on these claims. Id. at 3. Plaintiff states there is no hardship, undue burden, prejudice, or other significant factor in favor of granting Defendants' Motion. Id. at 5. Plaintiff believes this is likely a "stall tactic" by Defendants. Plaintiff does not raise any discernible arguments about how she will prevail on Defendants' Motion to Dismiss.

There appears to be little harm in delaying discovery, even if some claims survive Defendants' motion to dismiss. Plaintiff identifies no particular harm she will suffer if discovery is stayed. It is unnecessary for any party to conduct any discovery related to the pending motion to dismiss. And there is no indication a stay poses any risk of prejudice or could lead to the

destruction of evidence. Allowing discovery to proceed now, before some of Plaintiff's claims are potentially dismissed, is no more efficient than granting a stay until after the Court resolves Defendants' motion to dismiss.

For these reasons, the Court **GRANTS** Defendants' Motion to Stay. This stay will be automatically lifted upon the issuance of a Court order ruling on Defendants' motion to dismiss, if any claims remain pending. The Court **DIRECTS** the parties to confer within 14 days of a ruling on Defendants' motion to dismiss and then submit their Rule 26(f) report 7 days after their conference, if the case remains pending.

**SO ORDERED**, this 27th day of February, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA