# In the United States District Court for the Southern District of Georgia Waycross Division

REBECCA JOYCE HARRELL,

    Plaintiff,

v.

SHERIFF ANDY BATTEN, Bacon
County, Georgia, et al.,

    Defendants.

5:24-CV-074

## ORDER

On February 18, 2026, the Court issued an Order granting Defendants' motion to dismiss Plaintiff's complaint. Dkt. No. 32. Judgment was entered the same day. Dkt. No. 33. On March 19, 2026, Plaintiff filed a motion to alter or amend the Court's judgment, pursuant to Federal Rule of Civil Procedure 59(e). Dkt. No. 34.

"Under Rule 59(e), a motion to alter or amend a judgment must be filed within 28 days of the entry of the judgment." Higdon v. Tusan, 673 F. App'x 933, 935 (11th Cir. 2016). "A timely motion to alter or amend a judgment suspends the finality of the judgment for purposes of appeal and tolls the time to take an appeal." Id. (citing Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996)). "The time limit to file a Rule 59(e)

motion is jurisdictional and cannot be extended." Dresdner Bank AG v. M/V OLYMPIA VOYAGER, 465 F.3d 1267, 1271 (11th Cir. 2006).

Here, Plaintiff filed her Rule 59(e) motion exactly twenty-nine days after the Court entered judgment. Compare Dkt. No. 33 (Judgment entered February 18, 2026) with Dkt. No. 34 (Plaintiff's Rule 59(e) motion filed March 19, 2026). Therefore, Plaintiff's motion, dkt. no. 34, is untimely and is, therefore, **DISMISSED**.

Alternatively, Plaintiff moves for relief under Federal Rule of Civil Procedure 60(b)(1). Id. at 2. That Rule provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise or excusable neglect." Plaintiff states that "the dismissal of the entire action in its entirety constituted a significant surprise to the Plaintiff." Dkt. No. 34 at 2. As explained in the Court's Order, however, a dismissal pursuant to Rule 12(b)(6) is generally a judgment on the merits, and a judgment on the merits is "presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." Dkt. No. 32 at 70 n.33 (quoting Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc., 673 F. App'x 925, 929 (11th Cir. 2016)). Therefore, Plaintiff's "surprise" is unsupported, and her motion for Rule 60(b)(1) relief, dkt. no. 34, is **DENIED**.

That being said, Plaintiff does notify the Court that there is a discrepancy between its Order granting Defendants' motion to

dismiss and the Judgment. <u>Compare</u> Dkt. No. 32 (Order dismissing Plaintiff's second amended complaint *with* prejudice) <u>with</u> Dkt. No. 33 (Judgment dismissing Plaintiff's amended complaint *without* prejudice). The Court finds a scrivener's error in the Judgment, which should state the dismissal is *with* prejudice. The Clerk is **DIRECTED** to enter a corrected Judgment upon the record. <u>See</u> Fed. R. Civ. P. 60(a) (on motion or on its own, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record").[1]

SO **ORDERED** this _23_ day of March, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The correction of a clerical error does not begin anew Plaintiff's time period within which to file an appeal or a Rule 59(e) motion. <u>See</u> <u>BBCA, Inc. v. United States</u>, 954 F.2d 1429, 1431-32 (8th Cir. 1992) (holding that motion requesting clarification as to whether dismissal was with or without prejudice was a Rule 60(a) motion because it sought to correct a clerical error and not a substantive change, and the motion did not extend time for filing notice of appeal); <u>see also</u> <u>United States v. Portillo</u>, 363 F.3d 1161, 1166 (11th Cir. 2004) (holding the correction of a clerical error did not provide the defendant with a second opportunity to appeal the judgment); <u>Bishop v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:13cv118, 2013 WL 5596776, at *3-4 (Oct. 11, 2013) (collecting cases).

3